UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMUNICARE MICHIGAN, LLC,

vs.                                                                                          Case No. 16-10060

MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION, BLUE CROSS                      HON. AVERN COHN
BLUE SHIELD OF MICHIGAN, and
INDEPENDENCE BLUE CROSS, LLC,

    Defendants.
_____/

## ORDER REGARDING MOTION TO EXTINGUISH ATTORNEY LIEN (Doc. 15)[1]

I.

This is an insurance case. Plaintiff Communicare Michigan LLC (Communicare) sued defendants Michigan Property & Casualty Guarantee Association Blue Cross Blue Shield of Michigan, and Independence Blue Cross, LLC. Plaintiff claimed that defendants failed to pay medical expenses that plaintiff provided to a subscriber under defendant's insurance policies.

Plaintiff settled with each defendant. The case was closed on July 5, 2016 when the last defendant and plaintiff filed a stipulated order of dismissal. As will be explained, before the Court is a fee dispute between an attorney and his former law firm, both of whom performed legal work for Communicare during the pendency of the case. This order awards the law firm its costs and a portion of its attorney fees from the settlement amount based on a theory of quantum meruit.

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.

After the case was closed, the Court received a filing styled "Plaintiff's Amended Brief in Support of Motion to Extinguish Lien on Attorney Fees by Former Attorney." (Doc. 15). From this document, it became apparent that there is a fee dispute between attorney Jonathan Marko (Marko), who represents Communicare, and his former law firm, the Rasor Law Firm (Rasor Firm), who represented Communicare for a period of time during the pendency of this case. The Rasor Firm filed an Attorney's Lien on any monies received in the case. See Exhibit B to Doc. 16. The Rasor Firm also filed a response (Doc. 16) and a supplemental response (Doc. 17) to Marko's motion. After receiving these filings, the Court entered an order for supplemental papers. (Doc. 18). The parties did so. See Docs. 19, 21. Although their filings do not completely comply with the Court's order, they are sufficient to resolve the issue presented by Marko's motion, i.e. the amount of fees and costs to be awarded, if any, to the Rasor Firm based on its lien.

III.

At issue is the legitimacy of Rasor Firm's lien and the amount to be awarded the Rasor Firm if the lien is proper. Based on the supplemental papers, although the Rasor Firm, for whatever reason, did not have an executed fee agreement with Communicare, it performed legal work on its behalf outside of work performed by Marko. To that end, it has a legitimate right to compensation for the work it provided. Michigan law recognizes an attorney's charging lien, which is an equitable right to have the fees and costs due to the attorney for services paid out of the judgment or recovery in that particular suit. Kysor Industrial Corp. v. D.M. Liquidating Co., 11 Mich. App. 438, 444 (1968). "[A]n

attorney on a contingent fee arrangement who is wrongfully discharged, or who rightfully withdraws, is entitled to compensation for the reasonable value of his services based upon quantum meruit, and not the contingent fee contract." Ambrose v. Detroit Edison Co., 65 Mich. App. 484, 491 (1975).  The Michigan Court of Appeals has approved a quantum meruit determination based on the pro rata portion of the work performed by the respective law firms.  See Morris v. Detroit, 189 Mich. App. 271, 280 (1991).  In short, the Rasor Firm is entitled to reasonable compensation for the services it provided to Communicare.

As set forth in its papers, the Rasor Firm incurred $110.23 in costs and $8,280.00 in attorney fees for 41.40 hours of work during its representation of Communicare.  The Rasor Firm provided appropriate documentation for the costs incurred.  However, as to attorney fees, although the Rasor Firm initially submitted billing records, the Court specifically directed the Rasor Firm to supplement its papers to provide the following:

> The amount of attorney hours worked, broken down by attorney or paralegal, with attorney or paralegal's hourly rate, and description of the work performed by each attorney or paralegal prior to termination

The Court directed this filing because the Rasor Firm's billing records lacked the detail necessary to determine whether the requested attorney fees were reasonable.  In its supplemental paper, the Rasor firm submitted the same billing records.  Again, the billing records do not clearly identify the individual, whether attorney or paralegal, who performed the work nor do they set forth the individual's hourly rate.  Under these circumstances, the Court, in its equitable discretion, reduces the attorney fees by 15%. The Rasor Firm is therefore entitled to attorney fees in the amount of $7,038.00.

It is expected that Marko will promptly ensure that the Rasor Firm is paid $7,148.23 from the settlement amount.[2]  Upon payment, the Rasor Firm's lien is extinguished.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: September 15, 2016
    Detroit, Michigan

---

[2]The Court is constrained to note that Marko has not been forthcoming in disclosing the settlement amount to the Rasor Firm.  However, because the Rasor Firm's award is not based on a percentage of the settlement, the amount of the settlement is immaterial.