UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMUNICARE MICHIGAN, LLC,

vs.  Case No. 16-10060

MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION, BLUE CROSS  HON. AVERN COHN
BLUE SHIELD OF MICHIGAN, and
INDEPENDENCE BLUE CROSS, LLC,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 23)[1]

I.

This is an insurance case. Plaintiff Communicare Michigan LLC (Communicare) sued defendants Michigan Property & Casualty Guarantee Association Blue Cross Blue Shield of Michigan, and Independence Blue Cross, LLC. Plaintiff claimed that defendants failed to pay medical expenses that plaintiff provided to a subscriber under defendant's insurance policies. The case settled. As will be explained, after the case was closed the Court received papers indicating that there was a fee dispute between the Rasor Law Firm and Jonathan Marko, both of whom represented Communicare during the pendency of this case. The Court resolved the fee dispute by awarding costs incurred and a percentage of the attorney fees requested to the Rasor Law Firm. (Doc. 22).

Before the Court is Communicare's motion for reconsideration of the Court's

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

order resolving the fee dispute. For the reasons that follow, the motion is DENIED.

## II.

Regarding the fee dispute, the Court received a filing styled "Plaintiff's Amended Brief in Support of Motion to Extinguish Lien on Attorney Fees by Former Attorney." (Doc. 15). From this document, it became apparent that there was a fee dispute between attorney Jonathan Marko (Marko), who represents Communicare, and his former law firm, the Rasor Law Firm (Rasor Firm), who represented Communicare for a period of time during the pendency of this case. Indeed, the Rasor Firm had filed an Attorney's Lien on any monies received in the case. See Exhibit B to Doc. 16. After reviewing the papers, the Court determined that the Rasor Firm had a legitimate right to compensation for the work it provided. The Rasor Firm requested its out-of-pocket costs and attorney fees: $110.23 in costs and $8,280.00 in attorney fees for 41.40 hours of work during its representation of Communicare. The Court, in its discretion, reduced the amount of attorney fees by 15%, therefore awarding the Rasor Firm attorney fees in the amount of $7,038.00 plus its costs. (Doc. 22).

## III.

E.D. Mich LR 7.1(h)(3) provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Restating arguments does not establish a defect or that the Court was misled. See Intercontinental Electronics, S.p.A. v. Roosen, 210 F. App'x 491, **3 (6th Cir. 2006).

IV.

Communicare seeks reconsideration of only the Court's award of attorney fees, contending that the award includes paralegal time which is not permitted under Michigan law. In response, the Rasor Firm says that based upon Marko's conduct in this and other unrelated cases, it should be awarded half of the entire settlement, not simply its out-of-pocket costs and attorney fees.

Neither party's argument carries the day. First, putting aside that the award of costs and attorney fees was based on quantum meruit, Michigan law does permit recovery of paralegal fees. See M.C.R. 2.626, Therapy First, LLC v. State Farm Mut. Auto. Ins. Co., 2015 WL 8538502 (Mich. Ct. App. Dec. 10, 2015). Further, there is no basis to award the Rasor Firm additional fees.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2016
Detroit, Michigan

3